RECORD NO. 14-4224

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JAYAD ZAINAB ESTER CONTEH,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

(The Honorable George L. Russell, III, U.S.D.J.)

**OPENING BRIEF OF APPELLANT
JAYAD ZAINAB ESTER CONTEH**

Marc Gregory Hall
LAW OFFICES OF MARC G. HALL
200-A Monroe Street, Suite 310
Rockville, Maryland 20850
(301) 309-6678 Telephone
mghlaw@mac.com

*Counsel for Appellant*                                    July 10, 2014

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................. iii

JURISDICTIONAL STATEMENT ........................................................................1

STATEMENT OF ISSUES ......................................................................................2

STATEMENT OF THE CASE .................................................................................2

STATEMENT OF THE FACTS ...............................................................................3

SUMMARY OF THE ARGUMENT .......................................................................6

ARGUMENT ............................................................................................................6

I.  WHETHER THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO SUPPRESS HER ARREST WARRANT AND THE SEIZURE OF ANY EVIDENCE RESULTING FROM THAT ARREST ..................................................................................6

   A. Standard of Review ................................................................................6

   B. Argument ................................................................................................7

II. WHETHER THE DISTRICT COURT ERRED IN ITS RULING ON THE QUALIFICATIONS OF THE EXPERT IN THE CREOLE LANGUAGE ......................................................................................10

   A. Standard of Review ..............................................................................10

   B. Argument ..............................................................................................10

CONCLUSION .......................................................................................................12

REQUEST FOR ORAL ARGUMENT ..................................................................13

    CERTIFICATE OF COMPLIANCE ........................................................................ 14

    CERTIFICATE OF SERVICE ............................................................................... 15

# TABLE OF AUTHORITIES

## CASES

*Arizona v. Evans*,
  514 U.S. 1, 115 S. Ct. 1185, 131 L. Ed. 2d 34 (1995) .......................................8

*Chimel v California*,
  395 U.S. 752 (1969)..............................................................................................7

*Michigan v. DeFillippo*,
  443 U.S. 31.35 (1979)..........................................................................................7

*Soo Line R.R. Co. v. Fruehauf Corp.*,
  547 F.2d 1365 (8th Cir. 1977) ................................................................... 10-11

*United States v. Bostian*,
  59 F.3d 474 (4th Cir. 1995) ..............................................................................10

*United States v Brown*,
  540 F.2d 1048 (10th Cir. 1976) cert. denied, 429 U.S. 1100 (1977) ..............11

*United States v. Forrest*,
  429 F.3d 73 (4th Cir. 2005) ..............................................................................11

*United States v. Frazier*,
  322 F.3d  1262 (11th Cir. 2003) .......................................................................10

*United States v. Johnson*,
  617 F.3d 286 (4th Cir. 2010) ............................................................................10

*United States v. Lancaster*,
  78 F.3d 888 (4th Cir. 1996) ..............................................................................10

*United States v. Leon*,
  468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984) ..................................8

*United States v. Mark*,
  943 F.2d 444 (4th Cir. 1991) .............................................................................6

*United States v. Robinson*,
 414 U.S. 218 (1973)..................................................................................................7

*United States v. Tafollo-Cardenas*,
 897 F.2d 976 (9th Cir. 1990) ....................................................................................6

## STATUTES

18 U.S.C. § 1028A ............................................................................................................2
18 U.S.C. § 1030(a)(2)(A) ................................................................................................2
18 U.S.C. § 1331 ...............................................................................................................1
18 U.S.C. § 3244 ...............................................................................................................2
18 U.S.C. § 1349 ...............................................................................................................1
28 U.S.C. § 1291 ...............................................................................................................1

## RULES

Federal Rules of Evidence Rule 702..............................................................................10

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

### No(s). 14-4224
_____

### UNITED STATES OF AMERICA,

Appellee,

v.

### JAYED ZAINAB ESTER CONTEH,

Appellant
_____

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
### (NORTHERN DIVISION)

### (THE HONORABLE GEORGE L. RUSSELL
### UNITED STATES DISTRICT JUDGE)
_____

### BRIEF OF APPELLANT
_____

### JURISDICTIONAL STATEMENT

The district court had jurisdiction in this case under 18 U.S.C. § 3231 and the appellant was sentenced on March 4, 2014. Joint Appendix [hereinafter JA] at 10, 833. Conteh filed her notice of appeal on March 6, 2012, JA at 839 within 10 days of entry of the judgment in his case. This Court has jurisdiction under 28 U.S.C. § 1291.

1

## STATEMENT OF ISSUES

**I. WHETHER THE DISTRICT COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO SUPPRESS HER ARREST WARRANT AND THE SEIZURE OF ANY EVIDENCE RESULTING FROM THAT ARREST?**

**II. WHETHER THE DISTRICT COURT ERRED IN ITS RULING ON THE QUALIFICATIONS OF THE EXPERT IN THE CREOLE LANGUAGE?**

## STATEMENT OF THE CASE

On September 17, 2013, after a jury trial, Jayed Conteh was convicted of all counts in the Second Superseding Indictment, which charged the following offenses: Count One, Conspiracy to Commit Bank Fraud, pursuant to 18 § 1349; Count Two, Bank Fraud, pursuant to 18 § 1344; Count Three, Aggravated Identity Theft pursuant to 18 § 1028A; and Counts Four and Five, Exceeding Authorized Access to Obtain Information from a Financial Institution pursuant to 18 § 1030 (a)(2) (A). On March 4, 2014 a sentence of 40 months was imposed on counts One, Two, Four and Five which were to run concurrent with each other. A sentence of 24 months was imposed on count Three, which was to run consecutive to all other counts. Ms. Conteh now appeals her conviction in this matter.

## STATEMENT OF THE FACTS

The appellant was charged in the United States District Court for the District of Maryland with Conspiracy to Commit Bank Fraud, Bank Fraud, Aggravated Identity Theft, and two counts of Exceeding Authorized Access to Obtain Information from a Financial Institution. JA13. In support of the indictment the government presented the following facts. The government called the seven victims in this case whose testimony may be summarized as follows. The first victim, E. Q.[1], testified that over $30,000 was removed from his Capital One account without his authorization. JA156. The checks withdrawing these sums were written to co-conspirators and cashed by them. JA 152-156. Mr. Q. also testified that he did not authorize anyone to access his bank account and order new checks. JA136. All of the other bank customers, B. M., A. D., G. W., Y. K., R. J. and R. C., testified that they had not authorized the appellant to access their bank account other than for requested transactions. JA 263, 388, 417, 554 and 547.

Sylvia Lloyd, a Capital One fraud analyst, testified regarding the bank's investigation into the compromised customer accounts. JA 275. Specifically, Ms. Lloyd testified regarding Capital One's different databases that Capital One tellers utilized to access customer's accounts when requested. JA279-286.

---

[1] In each case the victim's name has been abbreviated for privacy reasons.

3

Ms. Lloyd testified that the appellant had a specific code, KWR686 that was connected to the transaction each time Ms Conteh accessed an account. JA 281. Ms. Lloyd was able to provide the following information as to when each victim's account was accessed by Ms. Conteh using her specific employee code to access the information. E. Q's account was accessed on April 3rd and 5th, 2012; B. M's. on March 15th, 2012; A. D's. on March 12th and 15th, 2012; G. W's March 29th, April 2nd, 03rd and 9th, 2012; R. C's March 6th, 8th and 9th, 2012; R. J's March 13th and 15th 2012 and Y. K's April 9th and 10th, 2012. These transactions were summarized for the jury in the form of a chart. JA 299. After the defendant accessed the above accounts without authorization, checks were ordered by co-conspirators to be delivered by overnight mail. JA 327. The checks were then intercepted, presumably from the customers' mailbox or doorstep. Later, signatures were forged on checks written on the account and in the case of victim, E.Q., checks were successfully negotiated. JA 156. In another instance a co-defendant, Paul Wilson, was arrested when he attempted to cash one of the victim's checks. JA 373.

    Ms. Lloyd also testified that she ran a computer search of Capital One's databases to determine which employees, if any, accessed the accounts of all seven customers who testified at trial, and that the defendant was the only person at Capital One to do so. JA 354.

    Teyawn Estes, was the assistant branch manager supervising the

4

appellant at the Capitol One in Silver Spring during this time period. She testified regarding the bank's policies and procedures regarding tellers. JA 174. She testified as to the conduct of the defendant at the bank, including the fact that the defendant used her cell phone behind the teller line in violation of bank policy. JA210, 212-213. Photos from the appellant's cell phone confirmed this. JA 825.

The government also called Special Agent Christopher Gojcz of the U.S. Secret Service. JA 427. He testified regarding his forensic examination of data retrieved from the defendant's iPhone. Agent Gojcz testified regarding incriminating text messages sent from the defendant's phone to an unidentified co-conspirator, including one text message exchange on April 5, 2012. In that exchange the co-conspirator asked the defendant for the number of the last check written on one of the above victim's accounts, and the defendant responded with the last check number written. JA 448.

Sabdul Kassim, an expert in the Sierra Leonean version of Creole, then testified regarding translations he made of the text messages in question which had been sent from the defendant's cell phone. JA 496. Recordings were also introduced of Capital One customer service representatives taking calls from an individual identifying himself as the customer. JA 268. The co-conspirator would then check account balances and order new checks.

Two Montgomery County Police Officers testified. Stephen Cohen, a

Detective with the Montgomery County Police Department testified regarding the arrest of the appellant and the recovery during the search incident to that arrest of her cell phone and other documents. JA 396. Officer Wayne Thomas testified regarding his arrest of co-conspirator Paul Wilson, who was arrested while attempting to cash another check on the account of E. Q. JA 373.

## SUMMARY OF THE ARGUMENT

The trial court erred in denying the motion to suppress the arrest warrant and any property seized incident to her arrest. The District Court erred in its ruling on the qualifications of the expert called to translate Creole language used in text messages between the appellant and a co-conspirator.

## ARGUMENT

### I.

**WHETHER THE DISTRICT COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO SUPPRESS HER ARREST WARRANT AND THE SEIZURE OF ANY EVIDENCE RESULTING FROM THAT ARREST?**

**A.    Standard of Review**

This Court reviews the district court's rulings on the admissibility of evidence for abuse of discretion. *United States v. Mark*, 943 F.2d. 444, 447 (4th Cir. 1991); *United States v. Tafollo-Cardenas*, 897 F.2d. 976, 980 (9th Cir. 1990).

6

### B. Argument

The appellant was arrested on April 17, 2012 pursuant to an arrest warrant, which had been obtained in the District Court of Maryland for Montgomery County. JA 398. At the time of her arrest an Apple iPhone was seized from her. JA 408. The government agents subsequently sought and received a search warrant for the contents of the iPhone and data, including text messages from that iPhone, was used against the appellant at trial. JA 448. The appellant filed a motion to suppress the search stemming from her arrest and the arrest warrant. A motions hearing was held on August 23, 2013 in advance of trial. JA 54. The defense argued that in examination of the Montgomery County Police Department Application for Statement of Charges for the arrest warrant, there was a lack of probable cause regarding the participation of Ms. Conteh in any illegal activity. It was the defense position that since there was a lack of probable cause, the arrest was illegal and any evidence that flowed from that arrest should be suppressed. The Court denied the motion to suppress. JA 79.

One of the well-established exceptions to the warrant requirement of the Fourth Amendment is a search incident to a lawful arrest. *Michigan v. DeFillippo,* 443 U.S. 31.35 (1979); *United States v. Robinson*, 414 U.S. 218 (1973); *Chimel v California*, 395 U.S. 752 (1969).

7

Even if a warrant is found invalid, if the arresting officer is found to use good faith and the judge wasn't misled by the affidavit and the warrant is found objectively reasonable, then the Fourth Amendment is not violated. *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984). *Arizona v. Evans*, 514 U.S. 1, 115 S. Ct. 1185, 131 L. Ed. 2d 34 (1995).

However, this issue turns on whether the warrant and its affidavit can be found to be objectively reasonable under the Fourth Amendment. Here we believe it was not. Out of the entire five page Application for Statement of Charges that served as probable cause for the arrest warrant, only one paragraph mentions the appellant Ms. Conteh. The warrant is reproduced in full in the Joint Appendix at JA 858. It pertinent part it states as to the activities of Ms. Conteh:

> "An internal investigation was started by Investigator Schallmo and other Capital One bank Investigators. It was learned that a teller at Capital One, Jayad Zainab Ester Conteh, accessed 8 accounts that were ultimately compromised and had their account information changed and checks ordered without authorization. In all 8 of the accounts access, Conteh provided answers all the security questions, along with the account holders' name, date of birth, and social security number. Conteh works as a teller at the Capital One branch located at 8315 Georgia Ave, Silver Spring, Montgomery County, Maryland. All compromised accounts were accessed from that location."

In other words, the only evidence that she was involved was that she had accessed each of the affected accounts. This ignores the fact that as a teller she may access dozens of accounts in any given day. It is only through the

8

slimmest of probabilities that she had, at the point in time the arrest warrant was obtained, any connection to the case.

Moreover, the information in that paragraph is incorrect as we later learn at trial. The quoted paragraph states that Ms. Conteh, "Jayad Zainab Ester Conteh, accessed 8 accounts that were ultimately compromised and had their account information changed and checks ordered without authorization." However, at trial the recordings were played where someone both changed account information and also ordered new checks. In those recordings it is clear that the voice on the phone is in fact a male voice, not Ms. Conteh. Clearly this is a significant misstatement of fact that Ms. Conteh actually changed any account information.

Here the appellant asserts that the arrest warrant is so facially defective that the arrest and the seizure of the iPhone that flows from that arrest should be suppressed. Clearly the agents knew, as was subsequently shown at trial, that Ms. Conteh did not change the account information. Subtracting that erroneous statement from the application for probable cause leaves us with only a mathematical possibility that she is the one who accessed the accounts. This thinnest slice of evidence is not enough to support a probable cause finding and therefore the District Court was in error when it denied the appellant's motion to suppress.

## II.

**WHETHER THE DISTRICT COURT ERRED IN ITS RULING ON THE QUALIFICATIONS OF THE EXPERT IN THE CREOLE LANGUAGE?**

### A. Standard Of Review

The Court reviews the district court's evidentiary rulings for abuse of discretion. *United States v. Johnson*, 617 F.3d 286, 292 (4th Cir. 2010). *United States v. Lancaster,* 78 F.3d 888, 896 (4th Cir. 1996)*; United States v. Bostian*, 59 F.3d 474, 480 (4th Cir. 1995).

### B. Argument

Federal Rules of Evidence Rule 702 governs the testimony of Expert Witnesses and reads:

A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods and;
(d) the expert has reliably applied the principles and methods to the facts of the case.

Under Rule 702 a witness may be qualified as an expert "by knowledge, skill, experience, training or education". *United States v. Frazier*, 322 F.3d 1262 (11th Cir. 2003). Fields in which an expert may be used are broad and include specialized fields of knowledge. *Soo Line R.R. Co. v. Fruehauf Corp.*,

547 F.2d 1365 (8th Cir. 1977): *United States v Brown*, 540 F.2d 1048 (10th Cir. 1976) cert. denied, 429 U.S. 1100 (1977). An important part of the trial court's gate keeping function is to closely examine whether the proffered expert has the requisite qualifications to perform the function of an expert. *United States v. Forrest*, 429 F.3d 73 (4th Cir. 2005). In non-scientific areas of expertise the qualifications of the proffered expert are critically important.

While the appellant acknowledges that appellate courts allow trial judges a great deal of leeway in deciding whom is an appropriate expert to assist the jury, in this case the district court erred. There were a number of issues regarding this expert and his lack of qualifications to serve as an expert witness in the Creole language specifically as it is spoken in Sierra Leone. First, the proffered expert was not a federally certified court interpreter. The expert here was one selected by the prosecution to translate certain passages of text, which was in Creole. In cross-examination regarding his qualifications of the expert it was established that the witness lacked such certification. However, in a trial setting a great deal of care is made in selecting of courtroom interpreters. The Administrative Office of the Courts in accordance with the Court Interpreters Act establishes the standards and guidelines for selecting and using interpreters at trial. It would be equally important to have the same level of certification for an expert providing an opinion as to the language used. What is important is that the correct information gets to the jurors' ears. Furthermore, the expert

11

neither had an educational background in the language that he was asked to interpret nor experience doing translations. He testified that he had as his college background a BA in Biology with a minor in Chemistry. JA 498. He had never acted as an interpreter in court previously, nor does he work as a translator of written materials. JA 503. He is, in fact, a high school chemistry teacher a field far removed from what he was asked to do in this case. JA 498.

As such, the appellant submits that the district court erred in accepting Mr. Kassim as an expert in the Creole language. This was a critically important issue in this case. A major element of the government's proof was the text messages between the appellant and the alleged co-conspirator, which were in Creole. Without a truly qualified expert in the Creole language translating the text messages the trial court allowed this questionable information before the jury.

## **CONCLUSION**

For the foregoing reasons, the appellant Jayed Conteh requests that this Court vacate her conviction and sentence and remand this case to the district court for further proceedings.

## **REQUEST FOR ORAL ARGUMENT**

Jayed Conteh requests oral argument on the matters presented herein.

Respectfully submitted,

_____/s/_____
**MARC GREGORY HALL**
**Law Office of Marc G. Hall, P.C.**
**200A Monroe Street**
**Suite 310**
**Rockville, Maryland**
**(301) 309-6678**
**Counsel for Jayed Conteh**

**CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH LIMITATIONS TO BE INCLUDED IMMEDIATELY BEFORE THE CERTIFICATE OF SERVICE FOR ALL BRIEFS FILED IN THIS COURT.**

1. This brief has been prepared using:

    Microsoft Word, Fourteen point, Times New Roman

2. EXCLUSIVE of the corporate disclosure statement; table of contents; table of citations; statement with respect to oral argument; any addendum containing statutes, rules or regulations, and the certificate of service, the brief contains:

    2,474 Words

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or a copy of the work or line printout.

/s/
Marc Gregory Hall
Counsel for Jayed Conteh

## **CERTIFICATE OF SERVICE**

      I hereby certify that the required copies of the Opening Brief of Appellant and Joint Appendix were filed with the Clerk, United States Court of Appeals for the Fourth Circuit via hand delivery and electronically using the Court's CM/ECF system which will send notification of such filing to:

   Thomas P. Windom
   Office of the United States Attorney
   6500 Cherrywood Lane, Suite 800
   Greenbelt, Maryland 20770
   (301) 344-4433 Telephone
   thomas.windom@usdoj.gov

July 10, 2014

                                           _____/s/_____
                                            Marc Gregory Hall
                                            Counsel for Jayed Conteh